**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TIMOTHY J. BRANCA,**

    **Plaintiff,**

**v.**                                                **Case No.  8:04-cv-2539-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments.  Also before this court is Plaintiff's Amended Motion to Remand for Further Administrative Proceedings to Consider New Material Evidence (Doc. 15) and the Commissioner's response in opposition (Doc. 18).  For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was twenty-two years of age at the time of his administrative hearing.  Plaintiff has a high school education.[1]  His past relevant work was as a janitor, convention center set-up worker, grocery store bagger, fast food grill cook, and various temporary jobs.  Plaintiff applied for disability benefits and Supplemental Security Income payments in

---

[1] The record reveals that Plaintiff received special education services in the SED program but received a regular diploma.

November 2001, alleging disability as of October 1, 1999, by reason of clinical depression and anxiety. The Plaintiff's applications were denied originally and on reconsideration.[2]

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). Also present at the hearing was Janice Mazur, Plaintiff's representative. Plaintiff testified at the hearing on his own behalf. In essence, Plaintiff claimed that he could no longer work at any job because of depression, anxiety, panic attacks, and an expressive language disorder. He stated he suffers from panic attacks once or twice a month that last for approximately thirty minutes. Plaintiff previously took Zoloft for this condition but stopped taking it in 1999 because it was only helping with the panic attacks and not the anxiety. Plaintiff testified that he continued to have the attacks; however, he did not advise his doctors until 2003. He is currently prescribed Paxil CR.

Plaintiff currently lives with four of his friends. He has a driver's license but does not own a car. He testified that he could lift fifty pounds and that he does not have any trouble walking, standing, or sitting. He further indicated he does not have any physical problems with his hands or arms. According to Plaintiff, the only reason he was unable to work was his mental condition. See Plaintiff's testimony (R. 38-51).

---

[2]Plaintiff received child's benefits from January 1990 to June 2000 on the record of his disabled father. As such, and in light of Plaintiff's present application for benefits, it appears that the ALJ also considered Plaintiff's claim as one for adult child disability benefits. See (R. 11-12). To receive disabled adult child benefits, a claimant must show that he was the unmarried child of an individual who was entitled to old-age or disability benefits or died a fully or currently insured individual; that he was dependent on that individual at the time of his death; and that he was under a disability, as defined in 42 U.S.C. § 423(d), before he turned twenty-two. 42 U.S.C. § 402(d)(1); see 20 C.F.R. § 404.350.

Teresa Manning, a vocational expert (hereinafter "VE"), testified upon an assumption of an ability to lift 50 pounds occasionally and 25 pounds frequently and perform only simple work. Based on that assumption, the VE opined that the full range of [simple] medium, light, and sedentary exertional work would be available. Upon the additional limitation of only occasional contact with the public, the expert testified that the medium exertional jobs of janitor, stocker, and packer would be available. See VE's testimony (R. 53-55).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of October 21, 2003, the ALJ determined that while Plaintiff has severe impairments related to a history of depression/anxiety and an expressive language disorder, he nonetheless retained the capacity to perform medium exertional work that did not require the performance of more than simple, routine, and repetitive tasks and allowed for certain mild mental restrictions. The ALJ then found that Plaintiff was unable to perform past work because his prior work did not constitute substantial gainful activity. Upon this finding and the VE is testimony, the ALJ concluded that there were other significant jobs existing in the national economy that Plaintiff could perform. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 11-18). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ erred in his duty to elicit clearly relevant and readily available testimony, failed to inform Claimant of his right to have competent counsel represent him, and failed in his duty to develop a full and fair record; and

(2) The ALJ erred in his finding that Claimant's allegations regarding his limitations were not totally credible in that the finding is not based upon a full and fair record, and the ALJ did not cite to SSR 97-6p, nor did he explain how the standard was applied to the facts and circumstances of this case.

By his first claim, Plaintiff argues that the ALJ failed to develop a full and fair record by not clarifying on the record the role of his representative's role when it became apparent that the representative, Ms. Janice Mazur, did not understand her duties as a representative; attended the hearing to support the Plaintiff as his former high school guidance counselor rather than to represent him; and wished to testify.  Plaintiff argues further that the ALJ also should have advised him of his right to competent counsel and should have obtained a knowing and voluntary waiver of such.  Given the non-adversarial nature of the proceedings, Plaintiff contends that the ALJ erred by not resolving this issue at the hearing, and a remand is necessary.  As for prejudice, Plaintiff notes that a number of medical records that could have been made a part of the record were not.  In response, the Commissioner urges that Ms. Mazur knowingly attended as a representative of Plaintiff, and in the circumstances, it would be unreasonable to have expected the ALJ to advise the Plaintiff of his right to competent counsel in light of the fact that Ms. Mazur was appearing in a representative capacity with his consent.  In any event, the Commissioner argues that the ALJ is only required to develop the medical record for the period beginning twelve months prior to the date of the disability application.  Here, that period would have begun in November 2000, and she urges that much of the allegedly missing records predate this date.

It is well-settled that an ALJ has a basic obligation to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  This obligation exists both where the claimant is represented and when the claimant is unrepresented.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997); Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In light of this obligation, in given circumstances, it may be error for an ALJ not to recontact a

treating source.[3]  However, case law in this circuit requires the Plaintiff to show some prejudice before a remand to the Commissioner for further development of the record is ordered.  See Graham, 129 F.3d at 1423; see also Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995).  In considering whether a remand is required, the court should be guided by whether there are evidentiary gaps in the record that result in unfairness or clear prejudice.  Id.

As Plaintiff concedes, Ms. Mazur signed a form accepting the appointment of herself as Plaintiff's representative.  (R. 35).  She also received information from the Social Security Administration on Plaintiff's behalf as a result thereof.  When asked at the hearing whether she was a lawyer or representative, Ms. Mazur replied that she was a representative.  (R. 38).  She also answered questions by the ALJ and submitted records on Plaintiff's behalf.  (R. 42-44).  Beyond this, it is apparent from the hearing transcript that Ms. Mazur was unclear as to her role as Plaintiff's representative at the hearing and that the ALJ could have done a better job of explaining that role to her earlier in the proceeding.  However, the record reveals that she was informed that if she wished to testify she could but would have to wait outside.  (R.51).  For whatever reason, Ms. Mazur did not pursue this.  When given the opportunity to ask questions, she responded she had no need to do so.  (R. 55).  However, she did rather forcefully advise the ALJ that she had submitted information for his review.  (R. 57-58).

Insofar as Plaintiff argues that the ALJ was obliged to advise Plaintiff of his right to competent counsel and conduct a waiver hearing during the hearing, I find no merit to the

---

[3]The Social Security Regulations direct that an ALJ recontact a claimant's medical source where the evidence received from the source is inadequate.  Evidence is considered inadequate if it (1) contains a conflict or ambiguity that must be resolved, (2) does not contain all the necessary information, or (3) does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. § 416.912(e)(1).

claim. The refusal to permit Ms. Mazur to testify is more troubling. On any fair reading of Ms. Mazur's comments to the ALJ, it is apparent that she was present in a support role and wanted to offer testimony as Plaintiff's former high school guidance counselor. In my view, the ALJ, in fulfilling his obligation to develop a full and fair record, should have permitted her to testify on Plaintiff's behalf despite the rule of exclusion of witnesses. However, this conclusion does not end the inquiry. Plaintiff must also demonstrate some prejudice -- some gap in the evidence -- before a remand is necessary and appropriate. Here, I cannot find an adequate or convincing demonstration of prejudice to warrant such remand.

In the first instance, the ALJ cannot be faulted for the failure of Dr. Sharad Lakdawala, M.D., to respond to his post-hearing request for records. As determined below, these records, in any event, would not likely have altered the result. Further, while there are references in the medical record to other reports not before the ALJ, Plaintiff makes no showing of prejudice in the missing records.[4] As for Ms. Mazur's testimony, while she did not offer testimony at the hearing, the record contains her considerable contribution and opinions on Plaintiff's abilities. By my reading of these matters, Ms. Mazur's observations of Plaintiff's functional abilities are quite consistent with the assessment of Dr. Snead who

---

[4] For example, Plaintiff is correct that Dr. Monty Snead's evaluation reveals that there is missing from the record this psychologist's April 2000 assessment, and his report suggests there may be evidence of prior law violations by the Plaintiff as revealed by records from a visit to a crisis center. However, Dr. Snead's report references pertinent matters from his April 2000 assessment including a substantial section addressing the results of the MMPI-2 tent administered during that assessment. Further, the reference to past law violations and the visit to the crisis center are from the late 1980s and early 1990s and have no probative value to the instant claim. As for "missing" records for his care at Northside Mental Health Center or Mental Health Care, there are records from Mental Health Care, and there is no showing what the missing records from Northside would contribute to the analysis.

evaluated Plaintiff for vocational rehabilitation.  Significantly, Plaintiff does not point out what additional information Ms. Mazur would have brought into consideration that was not before the ALJ.  In my view, Ms. Mazur is to be commended for stepping forward and attempting to assist this young man.  When the record is considered as a whole, it is unfair to suggest that she was ineffective in her efforts to help Plaintiff.  While the ALJ could have demonstrated greater patience and concern for creating a fair record, I cannot find that a remand is necessary or required.

By his next claim, Plaintiff argues that the ALJ erred by finding that his subjective allegations were not totally credible and not following Social Security Ruling 96-7p.  As grounds, Plaintiff contends that the ALJ's finding was based on an incomplete record, and he points to the ALJ's failure to discuss the reports completed by Ms. Mazur or obtain her testimony at the hearing.  He also contends that the ALJ failed to evaluate the intensity, persistence, and functionally limiting effects of his symptoms.

In this circuit, subjective complaints such as pain, fatigue, or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.[5]  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v.

---

[5]Because the pertinent portions of SSR 96-7p relied upon by Plaintiff parallel the Eleventh Circuit's pain standard, Plaintiff's contentions are analyzed under the controlling case law.

Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability.  Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision.  The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.  Id.; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).

As noted by Plaintiff, the ALJ found that his "allegations of mental impairments are not entirely consistent with the evidence of record, and, therefore, are not fully credible to the extent he alleged."  (R. 15).  In and of itself, this might not suffice to meet the applicable standard.  However, that was not the full extent of the ALJ's comments. The ALJ further explained:

> In the most recent psychological evaluation (Exhibit 4F), the claimant emphasized that he was not receiving mental health treatment and took no medications for depression/anxiety.  When asked about his vocational plans, the claimant indicated that he was thinking about getting training as an automobile mechanic.  The claimant was described as casually dressed with good grooming and compliant with all of the evaluation procedures.  He spoke with satisfactory verbal abilities.  His mood appeared good and his affect was appropriate.  He was alert and fully oriented.  The claimant testified at the hearing that he did not take any medications from May 1999 through June 2003 because he stated his doctors told him he no longer needed it.

Id.  Further, the ALJ credited Plaintiff with a moderate concentration deficit that would only permit the performance of simple, routine, and repetitive tasks and mild restrictions in daily living, maintaining social functioning, and maintaining concentration, persistence, and pace.

Id. Plaintiff does not demonstrate that the ALJ's residual functional capacity assessment is not supported by substantial evidence. Rather, the ALJ's conclusion that Plaintiff was not as functionally limited as he claimed appear consistent with the evaluation by Dr. Snead and the nonexaming doctors. Furthermore, when fairly read, the ALJ's comments do speak to the intensity and persistence of Plaintiff's mental condition. Beyond these comments, the ALJ appears to have fairly incorporated Dr. Snead's assessment into his questioning of the VE, who opined that even with a moderate concentration deficit and only occasional contact with the public, such person could do jobs available to him in the national economy. Even if they are not expressly referenced by the ALJ, the comments and opinions by Ms. Mazur on Plaintiff's ability to work are consistent with the findings by the mental health providers and do not reveal that the ALJ failed to evaluate Plaintiff's subjective complaints properly. I cannot agree that a remand is necessary on the basis of this claim.

By his separate motion, Plaintiff urges that new and material evidence warrants a remand for further administrative proceedings under sentence six. In particular, Plaintiff proffers psychiatric records from Dr. Sharad R. Lakdawala dated June 2, 2003, through August 6, 2003, and a statement by Janice Mazur. Plaintiff claims that the treatment notes from Dr. Lakdawala, which the ALJ attempted to get but did not, support his subjective complaints and diagnosis of long-standing depression and anxiety. As for Ms. Mazur's statement, Plaintiff contends that it demonstrates her belief that she was appearing with Plaintiff at the administrative hearing as a witness and not as Plaintiff's representative. In Plaintiff's view, his case should be reversed and remanded to allow the ALJ to elicit testimony from Ms. Mazur. See (Docs. 15-16). The Commissioner essentially responds that this

11

evidence is not reasonably likely to change the administrative result and is therefore not material.  (Doc. 18).

In this circuit, a remand for consideration of new evidence is appropriate where the Plaintiff demonstrates that "(1) there is new, non-cumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level."  Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (quoting Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986), and citing Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998)).

Upon consideration of these records, I conclude that a remand is not warranted. While Dr. Lakdawala's records[6] include diagnoses of an anxiety disorder, learning disorder, and migraine headaches and support Plaintiff's complaints of depression and anxiety, they do not show a worsening of Plaintiff's condition or identify functional limitations that the ALJ should have considered but did not.  The last two times Plaintiff's condition was noted, the doctor indicated that Plaintiff was feeling better, was less anxious, and had improved concentration.  See (Doc. 16, Ex. A).  As for the Ms. Mazur's statement,[7] Plaintiff makes no showing that this is new evidence or that there is a reasonable possibility that her testimony

---

[6]I also find it difficult to conclude that Plaintiff has established that these records are "new" or that good cause exists for failing to submit them to the ALJ after the hearing or to the Appeals Council.  Although the ALJ indicated that he would (and did) request Dr. Lakdawala's records, Plaintiff had a concomitant duty to do the same.

[7]By this statement, Ms. Mazur advised that she intended to appear as a witness on Plaintiff's behalf at the administrative hearing, not a representative.  She advised further that she had no knowledge about the legal responsibilities involved in serving as a representative and that these obligations were not explained to her.  (Doc. 16, Ex. B).

12

would change the administrative result in any way. Moreover, Plaintiff does not set forth the facts to which she would testify. Thus, although Plaintiff urges that remand is required for consideration of this evidence, review of these records does not support his contention. Consequently, while I am sympathetic to Plaintiff's situation, I am unable to conclude that any of this additional evidence is material in the sense that it probably would have changed the administrative result. Accordingly, Plaintiff's **Amended Motion to Remand for Further Administrative Proceedings to Consider New Material Evidence** (Doc. 15) is DENIED.[8]

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 7th day of February 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[8] Plaintiff's **Motion to Remand for Further Administrative Proceedings to Consider New Material Evidence** (Doc. 11) is DENIED as moot.